# EXHIBIT D

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHESH SHAHANI, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

Plaintiff,

-against-

PIER SIXTY LLC d/b/a PIER SIXTY COLLECTION,
and PAUL GALLEN, individually,

Defendants.

**COMPLAINT**

**Docket No.:** 24-cv-6211

Jury Trial Demanded

MAHESH SHAHANI ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PIER SIXTY LLC d/b/a PIER SIXTY COLLECTION, and PAUL GALLEN, individually (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1.  This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the tip retention provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203; (ii) the tip retention provisions of the New York Labor Law ("NYLL"), NYLL § 196-d, and the N.Y. Comp. Codes R. & Regs. ("NYCRR"), tit. 12, § 146-2.18; (iii) New York common law, based on Defendants' conversion of Plaintiff's gratuities; (iv) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff has worked for Defendants - - a New York limited liability company that owns and operates three private event spaces, Pier Sixty, the Lighthouse, and Current, all located in the Chelsea Piers sports and entertainment complex in Manhattan, and its president who oversees the business on a daily basis - - as a food server from in or around October 1998 to the present, with the exception of when the business was closed during the pandemic.  As described below, throughout his employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, plus an additional 228 days pursuant to former Governor Andrew M. Cuomo's executive tolling orders ("the Relevant Period"), Defendants have willfully failed to distribute to Plaintiff and all of Defendants' other servers all gratuities owed to them.  Specifically, from the beginning of the Relevant Period until in or around October 2019, and then from in or around at least June 2021 through present, Defendants have failed to distribute miscellaneous charges and/or administrative fees that Defendants charge to their clients that are purported to be for gratuities.  Moreover, from the beginning of Relevant Period through 2022, Defendants have retained all additional gratuities left by clients for Plaintiff and the other servers on top of the miscellaneous charges and/or administrative fee after banquets or events, and from 2023 through present, have retained part, if not most, of these additional gratuities.  This is all in violation of the FLSA and the NYLL, and it further constitutes conversion under New York common law.

3.      Defendants have additionally violated the NYLL by failing to furnish Plaintiff with an accurate wage statement on each payday.

4.      Defendants have paid and treated all of their employees who work as servers in this same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered

2

damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL, the NYCRR, and New York common law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable statutory period who suffered damages as a result of Defendants' violations of the NYLL, the supporting New York State Department of Labor regulations, and/or New York common law.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all times during the Relevant Period, Plaintiff has worked for Defendants in New York, and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Pier Sixty LLC was and is a New York limited liability company with its principal place of business located at Pier Sixty, Sixty Chelsea Piers, New York, New York 10011.

11. At all times throughout at least the Relevant Period, Defendant Gallen was and is the president and day-to-day overseer of Defendant Pier Sixty LLC, who in that role has personally managed and overseen the day-to-day operations of the business, and who was and is ultimately

3

responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay and hours worked, determining the distribution of tips and retention of gratuities, including the miscellaneous charges and/or administrative fees charged to clients that are purported to be for gratuities, and for maintaining employees' employment records, including all of those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

12.     At all times throughout at least the Relevant Period, both Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Pier Sixty LLC's qualifying annual business has exceeded $500,000.00.  Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and operate a business that purchases and sells products that have moved across state lines, such as liquor.  Defendants also accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that naturally moves across state lines.  The combination of all of these factors subjects Defendants to the FLSA's tip retention requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid tips and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as servers, and who consent to file a claim to recover unpaid tips and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14.     Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; and (3) were not distributed miscellaneous

charges and/or administrative fee that Defendants charged their clients that were purported to be for gratuities, nor all gratuities left by clients in addition to those miscellaneous charges and/or administrative fees at the conclusion of banquets or other events.

15.     At all relevant times herein, Defendants were aware of the requirement to distribute all miscellaneous charges and/or administrative fees purported to be for gratuities and all other tips to their servers, including Plaintiff and FLSA Plaintiffs, yet they purposefully and willfully chose and continue to choose not to do so.

16.     Indeed, during his employment, several food servers complained about Defendants withholding tips that clients left for them at the conclusion of events or banquets, yet Defendants have continued to withhold the tips.

17.     Additionally, in 2008, Pier Sixty LLC was sued for these same violations in *Spicer et al v. Pier Sixty LLC et al*, 08-cv-10240-PAE-FM (S.D.N.Y.), and in fact, in or around 2012, paid $8,500,000.00 to resolve those allegations on a class-wide basis, yet Defendants did not take any steps to change these unlawful practices thereafter.

18.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay the full amount of tips owed to them, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

19.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and New York common law during the applicable statutory period.

20.     Under FRCP 23(b)(3), a plaintiff must plead that:

        a.      The class is so numerous that joinder is impracticable;

        b.      There are questions of law or fact common to the class that predominate over

any individual questions of law or fact;

c.  Claims or defenses of the representative are typical of the class;

d.  The representative will fairly and adequately protect the class; and

e.  A class action is superior to other methods of adjudication.

21.  Plaintiff seeks certification of the following FRCP 23 class:

> Current and former servers, who during the applicable NYLL
> and New York common law limitations periods, worked for
> Defendants in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

22.  At all times during the applicable NYLL and New York common law limitations periods, Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

23.  There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants have failed to distribute to Rule 23 Plaintiffs all miscellaneous charges and/or administrative fee that they charged to their clients that was purported to be for gratuitiest; (3) whether Defendants have failed to distribute to Rule 23 Plaintiffs all gratuities left by clients in addition to miscellaneous charges and/or administrative fee after banquets or other events; (4) whether Defendants' conduct in withholding those tips from Rule 23 Plaintiffs was malicious; (5) whether Defendants furnished and furnish Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (6) whether Defendants have kept and maintained records with respect to each hour that the Rule 23 Plaintiff have worked; (8) whether Defendants have kept and maintained

records with respect to the compensation that they have paid to Rule 23 Plaintiffs, the miscellaneous charges and/or administrative fees that they have passed on their clients, and the tips that their client have left for Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations and/or New York common law; and (10) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

24.     As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as servers in New York at their various event venues.  Plaintiff's claims are typical of the claims of Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and Rule 23 Plaintiffs work and/or have worked for Defendants in New York, as servers, yet Defendants have unlawfully failed to distribute to them miscellaneous charges and/or administrative fees that they charge to clients that are purported to be for gratuities, and also have retained gratuities left by clients in addition to the miscellaneous charges and/or administrative fees at the conclusion of banquets or other events, while also failing to provide them with an accurate wage statement on each payday.  Plaintiff and Rule 23 Plaintiffs enjoy the same rights under New York law to be paid all of their tips and to be furnished with an accurate wage statement on each payday.  Plaintiff and Rule 23 Plaintiffs have all sustained similar damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations, as well as New York common law.  Plaintiff and Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

7

### Adequacy

25. Plaintiff, as described below, has worked the same or similar hours and performed the same or similar duties as Rule 23 Plaintiffs throughout his employment with Defendants. Defendants have not paid Plaintiff the full amount of tips to which he has been entitled to receive throughout his employment, and have not furnished him with an accurate statement on each payday, which is substantially similar to how Defendants have paid and treated Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26. Additionally, Plaintiff's counsel has substantial experience in this field of law.

### Superiority

27. Plaintiff has no, or very few, material facts relating to Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants have treated Plaintiff identically, or at the very least, substantially similarly, to Rule 23 Plaintiffs.

28. Any lawsuit brought by any employee of Defendants who worked for them as a server in New York for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

29. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

30. Defendant Pier Sixty LLC is a New York limited liability company that owns and operates three private event spaces, Pier Sixty, the Lighthouse, and Current, all located in the Chelsea Piers sports and entertainment complex in Manhattan.

31.     As described above, throughout at least the Relevant Period, Defendant Gallen was and is the president of Defendant Pier Sixty LLC who oversees and runs the business on a day-to-day basis, and who ultimately controls the terms and conditions of employment for all of its employees, in that he has and exercises the power to hire and fire all employees, supervises and controls employee work schedules, determines the rate and method of wages paid to all employees, determines the distribution of tips and retention of gratuities, including the miscellaneous charges and/or administrative fees to clients that are purported to be for gratuities, and is responsible for maintaining employment records.

32.     Plaintiff worked for Defendants as a food server from in or around October 1998 to March 2020, when the business closed due to COVID-19, and then again from in or around June 2021 through the present in all three of Defendants' event spaces.  In this role, Plaintiff's primary duty is to serve food at banquets or other events that Defendants' clients host there.

33.     For this work, Defendants paid Plaintiff at an hourly rate of $26.00 in 2018, $26.00 in 2019 and 2020, $28.50 in 2021, 2022, and 2023, and $30.00 in 2024.

34.     At all times from the beginning of the Relevant Period until in or around October 2019, and from in or around at least June 2021 through the present, when a client has booked an event at one of Defendants' venues, Defendants generate a banquet event order.  From the beginning of the Relevant Period until in or around October 2019, that order typically had a line item on it for "Miscellaneous Charges," which were broken down as "Price Per Person," "Administrative Fee Per Person," "Facility Fee," and "Parking Administrative Fee,"  which typically ranged between $3,200.00 to as much as $60,000.00, depending on the size of the banquet or event.  From the beginning of the Relevant Period until October 2019, Defendants never distributed to Plaintiff or their other servers any portion of these Charges.  Then from in or around at least June 2021 through present, Defendants have charged their clients twenty-four percent of their food and beverage costs

9

as additional Administrative Fees, but never distributed to Plaintiff or their other servers any portion of these fees.

35.     By way of example, on a banquet event order generated for an event hosted on September 22, 2018, there is a charge identified as "Miscellaneous Charges," which consisted of the following: Price Per Person, $121.00 per person; Administrative Fee Per Person, $40.00 per person; Facility Fee, $2,500; and Parking Administrative Fee, $600.00.  Defendants never distributed to Plaintiff and their other servers any portion of these charges.

36.     Moreover, at all times throughout the Relevant Period, at the conclusion of banquets or other events, Defendants' clients have frequently left with the banquet manager gratuities meant to be distributed to the servers, either in cash or by adding an amount to their final invoices.  However, prior to 2023, Defendants failed to pay these gratuities to Plaintiff and the other servers at all and instead keep this money for their own use.  In 2023 and 2024, as multiple servers complained that Defendant had failed to distribute the additional tips, Defendants started to distribute part of these gratuities to Plaintiff and other servers, but still retain most of the gratuities for themselves.

37.     Throughout at least the Relevant Period, Defendants have paid Plaintiff on a weekly basis, by check.

38.     At all times throughout the Relevant Period, on each occasion when Defendants have paid Plaintiff, Defendants have failed to furnish Plaintiff with a wage statement that has accurately listed, *inter alia*, his earned tips.  Defendants' failure to provide with Plaintiff with an accurate wage statement on each payday has deprived Plaintiff of the ability to know, in a timely manner, exactly how much compensation he was and is entitled to, and has resulted in the underpayment of wages as asserted herein.

39.     Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

40. Defendants have acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

41. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Distribute Tips in Violation of the FLSA*

42. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. 29 U.S.C. § 203 prohibits an employer from keeping tips received by its employees for any purpose.

44. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees eligible to receive tips within the meaning of the FLSA.

45. As also described above, Defendants did not distribute miscellaneous charges and/or administrative fees to clients that are purported to be for gratuities, nor all gratuities left by clients in addition to the miscellaneous charges and/or administrative fees, to Plaintiff and FLSA Plaintiffs as required by law.

46. Defendants willfully violated the FLSA.

47. Plaintiff and FLSA Plaintiffs are entitled to compensation for all tips that Defendants unlawfully withheld from them during each week of their employment, in violation of the FLSA.

48. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's tip retention provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Distribute Tips in Violation of the NYLL and the NYCRR*

49. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat,

11

reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.     NYLL § 196-d and 12 NYCRR § 146-2.18 prohibit an employer from accepting or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee.

51.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees eligible to receive tips within the meaning of the NYLL and the NYCRR.

52.     As also described above, Defendants did not distribute miscellaneous charges and/or administrative fees to clients that are purported to be for gratuities, nor all gratuities left by clients in addition to the miscellaneous charges and/or administrative fees, to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action as required by law.

53.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to compensation for all tips that Defendants unlawfully withheld from them during each week of their employment, in violation of the NYLL and the NYCRR.

54.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violation of the NYLL and the NYCRR's tip retention provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Conversion in Violation of New York Common Law*

55.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     The New York common law tort of conversion prohibits an individual or entity from intentionally, and without consent, taking control over the money or property of another, or otherwise

12

obstructing an individual's ability to possess his/her money or property.

57.     As described above, Defendants withheld and otherwise did not distribute money owed to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action and kept that money for their own use, and thus interfered with their use of such money in violation of the law.

58.     Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action for all money that belongs to them that Defendants retained for their own use, plus interest.

59.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to punitive damages as a result of Defendants' conversion of their money.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

60.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

62.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

63.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage statement that accurately contained the criteria that the NYLL requires.

64.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that

13

the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

65.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.    Certification of the claims brought in this case under New York law as a class action pursuant to FRCP 23;

f.    Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and/or gratuities and any short fall between wages and/or gratuities paid and those due under the law that Plaintiff, FLSA

Plaintiffs, and/or Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.   Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.   Granting an award of punitive damages commensurate with Defendants' ability to pay in connection with Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs' common law conversion claims;

i.   Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

j.   Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP, respectively;

k.   Awarding pre-judgment and post-judgment interest, as provided by law; and

l.   Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
      August 16, 2024

            Respectfully submitted,

            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            910 Franklin Avenue, Suite 205
            Garden City, New York 11530
            Tel. (516) 248-5550
            Fax. (516) 248-6027

By:    *Yuezhu Liu*
            YUEZHU LIU
            ALEXANDER T. COLEMAN (AC 1717)
            MICHAEL J. BORRELLI (MB 8533)

15