

Jackson Lewis P.C.
666 Third Avenue
New York NY 10017-4030
(212) 545-4020 Direct
(212) 972-3213 Fax
Douglas.Klein@jacksonlewis.com

February 26, 2026

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court, S.D.N.Y.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:    **Efe Songun v. Pier Sixty LLC et al.**
**Case No. 25-cv-10524-KPF**

Dear Judge Failla:

      We represent Defendants Pier Sixty LLC ("Pier Sixty") and Paul Gallen (collectively, "Defendants") in the above-referenced matter. Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, we write to request a pre-motion conference in advance of Defendants' anticipated motion to dismiss, in part, Plaintiff Efe Songun's ("Plaintiff") Complaint, and to stay the case. As detailed below, Plaintiff's claims under the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law (the "NYCHRL") should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of supplemental jurisdiction. This Court should also stay this case pending the outcome of motion practice which Defendants filed against a former colleague of Plaintiff in a virtually identical action against Defendants.

**I.    Plaintiff's NYSHRL and NYCHRL Claims Should Be Dismissed For Lack of Supplemental Jurisdiction.** Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy for purposes of § 1367(a) if the federal claim and state claim [] stem from the same common nucleus of operative fact." *Yahui Zhang v. Akami Inc.*, No. 15-CV-4946 (VSB), 2017 U.S. Dist. LEXIS 158112, at *18 (S.D.N.Y. Sep. 26, 2017) (citations and internal quotations omitted). To determine whether federal and state claims stem from the same common nucleus of operative fact, "courts have traditionally asked whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Id.* (citations and internal quotations omitted). "[S]upplemental jurisdiction should not be exercised 'when the federal and state claims rest on essentially unrelated facts.'" *Id.* (citations omitted).

      The facts underlying Plaintiff's Fair Labor Standards Act (the "FLSA") claims do not overlap with the facts underlying Plaintiff's discrimination claims. Plaintiff, a former banquet server for Pier Sixty, asserts claims on behalf of himself and others allegedly similarly-situated for violations of (i) time shaving pursuant to the FLSA and the New York Labor Law (the "NYLL"); (ii) tip retention provisions of the FLSA and NYLL; (iii) uniform maintenance provisions of the NYLL; and (iv) wage statement and wage notice provisions of the NYLL. (*Id.* ¶¶ 1-2, 76-95.) He also alleges, on behalf of himself only, NYSHRL and NYCHRL claims of sexual orientation discrimination. Complaint ¶¶ 25, 96-105 (Dkt. No. 1).)

Regarding Plaintiff's time-shaving claims, he alleges that employees were undercompensated because they were required to have managers manually clock in for them, and they were shorted time as they tried to locate a manager. (*Id.* ¶ 31.) Plaintiff also contends employees were required to transport work supplies between Pier Sixty's multiple venues in between work shifts, and as such, they were not compensated for this time. (*Id.* ¶ 32.) Regarding Plaintiff's tip retention claims, Plaintiff alleges Defendants retained for themselves gratuities left by Pier Sixty's customers intended for employees. (*Id.* ¶¶ 37, 41, 45.) Regarding Plaintiff's sexual orientation discrimination claims, Plaintiff alleges he was verbally harassed by Defendants' managers due to his sexual orientation, and that he complained to management but no action was taken in response. (*Id.* ¶¶ 70, 73.) Plaintiff also contends that heterosexual coworkers with less experience and seniority received promotions over him. (*Id.* ¶ 72.)

This Court should decline to exercise supplemental jurisdiction over Plaintiff's sexual orientation discrimination claims because the facts underlying such claims do not overlap with Plaintiff's FLSA time shaving and tip retention claims. For Plaintiff to establish his FLSA classwide claims, he will need discovery regarding the hours employees worked and the compensation they received, the processes for clocking in to work, whether and to what extent employees traveled between Pier Sixty venues in between shifts, and whether they were transporting work supplies, as well as the processes for collecting and distributing gratuities and the amounts that were collected and distributed. To establish his discrimination claims, Plaintiff will need ***entirely different discover***y—i.e., discovery regarding alleged harassing comments relating to Plaintiff's sexual orientation, Plaintiff's alleged complaints, and Defendants' response.

"[I]t is well-established that federal wage-and-hour claims . . . are, in general, factually distinct from state discrimination claims, which turn on "whether [Plaintiff] suffered adverse employment actions, [and] whether . . . discriminatory[] animus motivated those actions." *Dervisevic v. Wolfgang's Steakhouse, Inc.*, No. 19-cv-814 (VEC), 2019 U.S. Dist. LEXIS 203616, at *4 (S.D.N.Y. Nov. 22, 2019). Courts in this Circuit routinely deny exercising supplemental jurisdiction over a party's state law discrimination claims where, like here, the federal anchor claim is an FLSA claim—including in cases brought by Plaintiff's counsel. *See, e.g.*, *Kobeck v. Armonk Bristal LLC*, No. 16 CV 8770 (VB), 2018 U.S. Dist. LEXIS 45586, at *7 (S.D.N.Y. Mar. 19, 2018) (declining to exercise supplemental jurisdiction over state law discrimination claims ***in case brought by the same counsel that represents Plaintiff here*** because the "[f]actual issues central to [the individual plaintiff's] discrimination and hostile work environment claims are irrelevant to plaintiff's FLSA claims"). This Court should adopt the reasoning in these cases (and others) and decline to exercise supplemental jurisdiction over Plaintiff's discrimination claims.

## II.     This Court Should Stay This Action Pending the Outcome of a Related State Court Action Against Defendants.

After dismissing Plaintiff's discrimination claims, this Court should stay the remaining claims pending the outcome of a motion to dismiss, or in the alternative, consolidate (the "Elson Motion"), which Defendants have filed in an action brought by 45 of Plaintiff's former colleagues. *See Elson v. Pier Sixty LLC*; Index No. 151232/2026 (Sup. Ct. N.Y. Cnty. 2026), Dkt. Nos. 2-7 (the "Elson Action"). In August 2024, Mahesh Shahani, another former colleague of Plaintiff and a putative collective and class member in the instant case as pled, filed an action in this Court against Defendants asserting putative class and collective wage and hour claims similar to those asserted by Plaintiff here. *See Shahani v. Pier Sixty LLC*; Case No. 1:24-cv-06211-PAE (S.D.N.Y. 2024), Complaint at ¶ 1 (the "Shahani Federal Action"). The parties in the Shahani Federal Action agreed to mediate. Plaintiff voluntarily dismissed the Shahani Federal


Action and refiled in New York Supreme Court, Nassau County. *See Shahani v. Pier Sixty LLC*, Index No. 606001/2025 (Sup. Ct. Nassau Cnty. 2025) (the "Shahani State Action"). The parties entered into a tolling agreement providing that if mediation ultimately failed and the case was litigated, Shahani would voluntarily dismiss the Shahani State Action and refile in this Court.

Subsequently, the same counsel that represents Shahani filed the Elson Action, asserting nearly the same wage and hour claims as both Shahani actions and this action. That counsel acknowledged the tolling agreement's enforceability requiring refiling of the Shahani State Action in federal court, then, without notice to Defendants, took steps to try to avoid it by filing the Elson Action. On February 18, 2026, Defendants filed a motion to dismiss the Elson Action or consolidate it with the Shahani State Action, which then must be refiled and litigated in this Court.

In October 2025, pre-filing, Plaintiff here contacted Defendants and said they were aware undersigned counsel represented Defendants in the Shahani actions. Notwithstanding, Plaintiff then filed this case asserting nearly identical putative class and collective wage and hour claims as in both Shahani actions. Clearly, Plaintiff is maneuvering to assert a classwide case against Defendants, subjecting Defendants to multiple, virtually identical actions in different forums. This Court should not condone it.

"A decision to stay proceedings is one that rests firmly within a district court's discretion." *Leslie v. Thompson Reuters Corp.*, No. 22 Civ. 7936, 2023 U.S. Dist. LEXIS 169615, at *2 (S.D.N.Y. Sept. 22, 2023). To determine whether a stay is appropriate, court in this Circuit consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F3d. 83, 97 (2d Cir. 2012) (citations omitted).

Here, all the factors weigh in favor of a stay. To the extent Plaintiff asserts that putative collective members here will be prejudiced by a stay due to the FLSA limitations period running, Defendants will agree to reasonable tolling for any putative collective member who opts into any ultimately conditionally certified collective. Absent a stay, all the courts involved, including this Court, and the parties will be burdened with litigation of virtually the same wage claims in multiple courts, including in this Court. To avoid this, Defendants have initiated steps to litigate the Elson Action and the Shahani State Action together with this case. Accordingly, this Court should stay this case until the court in the Elson Action decides the Elson Motion, after which the Elson Action and Shahani State Action will be consolidated and refiled in this Court.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Douglas J. Klein*
Douglas J. Klein
Alexander Deutsch

cc: All Counsel of Record (via ECF)