# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:        212-465-1188
                        cklee@leelitigation.com

March 17, 2026

**Via ECF**

Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, NY 10007

>        Re:    *Efe Songun v. Pier Sixty LLC et al.*
>               Case No. 25-cv-10524-KPF

Dear Judge Failla:

We represent Plaintiff Efe Songun ("Plaintiff") in the above-referenced matter. We write in response to Defendants' letter motion dated February 26, 2026, which requests a pre-motion conference to dismiss certain claims and stay this proceeding.

Plaintiff does not oppose Defendants' request to the extent it seeks to dismiss the individual claims brought under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") for lack of supplemental jurisdiction. However, Plaintiff Defendants' request for a stay is improper and must not be granted.

## I. Defendants' Claim of Substantial Overlap is Factually and Legally Baseless

Defendants' primary contention—that they will be forced to litigate the "same issues" across two actions—is inaccurate.

The supposedly related state court matter, *Shahani v. Pier Sixty LLC et al.* (Index No. 606001/2025), was initiated in March 2025 by a "Summons with Notice" and contains no filed Complaint. Without a Complaint, there is no operative pleading to compare against the present action, rendering Defendants' claims of "redundancy" purely speculative. Furthermore, the Summons and Notice in the *Shahani* action were never served. In fact, the docket entries to that matter indicate that the *Shahani* plaintiff has no intention of ever serving the Summons. The plaintiff in the *Shahani* matter filed a request for an extension of time to serve the Summons in August 2025, and then withdrew that same request in September 2025. No stipulation as to service has been filed in the action to explain that withdrawal.

The *Shahani* matter appears to have "withered on the vine" with no progress since the filing of the Summons and Notice in March 2025. Defendants are essentially asking this Court to stay an active federal litigation in favor of a dormant state action that was filed a year ago, lacks specific allegations, and may never be served.

Additionally, this matter and the *Shahani* matter bring different legal claims. While there is no filed Complaint in *Shahani*, a review of the *Shahani* Summons and Notice indicates that the claims in this proceeding are far more expansive and involve distinct legal and factual inquiries. The *Shahani* notice appears limited to tip retention, however, no details as the mechanism of the tip-retention are provided. *See* **Exhibit A** (the *Shahani* Summons and Notice).

A comparison of the *Shahani* Summons and Notice and this matter's Complaint reveals that the Plaintiff here brings several distinct causes of action that will not be resolved by the state court matter (should litigation in that matter ever commence), including:

- **Unlawful Time Shaving:** Plaintiff alleges that Defendants systematically edited time records to reduce compensable hours. *See* ECF 1 (Plf. Compl. at ¶¶ 41-44.

- **Uniform Expenses and Maintenance:** Plaintiff seeks reimbursement for the purchase and maintenance of required uniforms. *Id.* at ¶¶ 45-47.

- **Wage Theft Prevention Act ("WTPA") Violations:** Plaintiff alleges violations regarding the failure to provide proper wage notices (*id.* at ¶¶ 48-49) and accurate wage statements. *Id.* at ¶¶ 50-51.

The discovery required for these claims is fundamentally different from a tip-retention dispute. Proving time-shaving requires a analysis of time logs and audit trails, while WTPA and uniform claims involve distinct statutory requirements and payroll record-keeping. Consequently, a stay would not promote judicial economy; rather, it would needlessly delay the resolution of the majority of Plaintiff's claims, which would remain untouched regardless of the outcome in *Shahani* (should litigation in that matter ever commence).

## II. The Unfiled and Unserved *Shahani* Matter Cannot Form the Basis of a Stay

Under State Law the *Shahani* claims are not even pending. For an action to be pending pursuant to New York State's Civil Procedures Laws and Rules ("CPLR") § 3211(a)(4), "a complaint must have been served in that other action, otherwise it is not 'another action,' or a 'prior action pending'… within the meaning of CPLR 3211(a)(4)." *Quinones*, 220 A.D. 3d at 902 (quoting *Graev v. Graev*, 219 A.D.2d 535, 535 (1st Dept. 1995)) (citing *Wharton v. Wharton*, 244 A.D. 2d 404, 404 (2d Dept. 1997).[1]

Here, Plaintiff's current action is properly pending before the Court. Unlike the *Shahani* matter, this action has a filed (and served) Complaint. As the action before the Court is the first filed action (first to file a Complaint with stated claims) and is being actively litigated (unlike the *Shahani* matter which has remained unserved and dormant for a year), the Court must not stay this action.

---

[1] Defendants' also note the existence of a prior District Court action which was voluntarily discontinued pursuant to Rule 41 of the Federal Rules of Civil Procedure. A discontinued action is not a pending action either. *See Castillo v. Suffolk Paving Corp.*, 230 A.D. 3d 630, 631–32 (2d Dept. 2024).

Should the *Shahani* matter ever be served and actively litigated, and should their pending Complaint contain any overlap to this action, the parties in this matter can meet and confer regarding whether it would be appropriate to file a joint motion to stay that later filed action.

In accordance with the above, Defendants have failed to establish that a stay is appropriate under the five-factor test they cite to within their letter motion: (i) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (ii) the private interests of and burden on the defendants; (iii) the interests of the courts; (iv) the interests of persons not parties to the civil litigation; and (v) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). As detailed below, all five factors weigh against a stay:

First, Plaintiff has a significant interest in proceeding expeditiously, particularly given that the *Shahani* matter appears to have "withered on the vine" with no movement since March 2025. Second, because Plaintiff's claims are broader in scope, Defendants will eventually have to litigate these issues regardless of the state court's actions. Third, the interests of the court are best served by moving this case forward, as there is no operative class definition or Complaint in the state action to provide a basis for consolidation or coordination. Fourth, putative class members in this action have a distinct interest in the timely adjudication of their rights, particularly regarding the specific time-shaving and WTPA claims not identified in the *Shahani* summons. Fifth, there is a strong public interest in the effective and timely enforcement of wage and hour laws. Allowing a case to be stayed based on a year-old, inactive summons would undermine the remedial purposes of the FLSA and the New York Labor Law.

Plaintiff remains unaware of whether the other supposedly related action seeks to represent the same class because the *Shahani* action has no filed Complaint and no class definition. For these reasons, Plaintiff respectfully requests that the Court deny Defendants' request for a stay.

We thank the Court for its consideration in this matter.

Respectfully submitted,

*/s/ C.K. Lee*

3