UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EFE SONGUN, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

                                    Plaintiff,

            v.

PIER SIXTY LLC
        d/b/a PIER 60
        d/b/a THE LIGHTHOUSE
        d/b/a CURRENT, and
PAUL GALLEN,

                                    Defendants.

Case No. 1:25-cv-10524-KPF

**AFFIRMATION OF DOUGLAS J. KLEIN, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO STAY PLAINTIFF'S COMPLAINT**

Douglas J. Klein, Esq., an attorney duly admitted to practice law in the State of New York and the United States District Court for the Southern District of New York, hereby affirms the following under the penalty of perjury:

1.      I am a Principal with the law firm of Jackson Lewis P.C., attorneys for Defendants Pier Sixty LLC ("Pier Sixty") and Paul Gallen (collectively, "Defendants") in the above-captioned matter. I am familiar with the facts and circumstances of this matter as set forth herein.

2.      This Affirmation is submitted in support of Defendants' Motion to Stay Plaintiff's Complaint.

**A.      The Shahani Federal Action**

3.      On August 16, 2024, Mahesh Shahani, then a banquet server at Pier Sixty, a hospitality venue in New York City, filed, through Borrelli & Associates, P.L.L.C., a putative class and collective action in this Court against Defendants, asserting, among other things, violations of the tip retention provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

1

§ 203, New York Labor Law ("NYLL") § 196-d, and a claim for failure to furnish accurate wage statements in violation of NYLL § 195(3).  See Shahani v. Pier Sixty LLC, No. 1:24-cv-06211-PAE (S.D.N.Y. 2024), Complaint at ¶¶ 1, 32, 43 50, 61.[1]

4.    While the parties were discussing a possible early resolution of the Shahani Federal Action, on March 18, 2025, Shahani requested to voluntarily dismiss the Shahani Federal Action without prejudice.  Shahani Federal Action, Notice of Voluntary Dismissal Without Prejudice (Dkt. No. 25).

5.    On March 19, 2025, the Court granted Shahani's request and dismissed the Shahani Federal Action.  Shahani Federal Action, So-Ordered Notice of Voluntary Dismissal Without Prejudice (Dkt. No. 26).

**B.    The Shahani State Court Action**

6.    The same day this Court granted Shahani's request and dismissed the Shahani Federal Action, March 19, 2025, Shahani filed a Summons With Notice in New York Supreme Court, Nassau County, against Defendants.  See Shahani v. Pier Sixty LLC, Index No. 606001/2025 (Sup. Ct. Nassau Cnty. 2025), Summons With Notice (Dkt. No. 1).[2]

7.    Like the Shahani Federal Action, the Shahani State Court Action was pled as a putative class and collective action and asserted wage-theft claims, including for violations of the tip retention provisions of NYLL § 196-d and a claim for failure to furnish accurate wage statements in violation of NYLL § 195(3).  (See Shahani Summons at 1-2.)

---

[1]    The action filed by Shahani on August 16, 2024, against Defendants in this Court will be referred to hereinafter as the "Shahani Federal Action."  The Complaint filed in the Shahani Federal Action will be referred to hereinafter as the "Shahani Federal Complaint."

[2]    The action filed by Shahani on March 19, 2025 against Defendants in New York Supreme Court, Nassau County will be referred to hereinafter as the "Shahani State Court Action."  The Summons With Notice filed in the Shahani State Court Action will be referred to hereinafter as the "Shahani Summons."

**C.      The Shahani Mediation**

8.      Shahani and Defendants agreed to engage in mediated settlement negotiations (hereinafter the "Mediation").

9.      On July 9, 2025, Shahani and Defendants met and began the Mediation with a third-party mediator in an attempt to resolve Shahani's putative class and collective action claims.

10.      While the parties did not settle at the July 9, 2025, meeting, they agreed to continue the Mediation.

**D.      The Tolling Agreement**

11.      On July 18, 2025, Shahani and Defendants, through their counsel, entered into a tolling agreement (the "Tolling Agreement").

12.      As per the Tolling Agreement, the parties stipulated that in the event the Mediation ultimately failed and the case returned to a litigation posture, Shahani would voluntarily dismiss the Shahani Summons from Nassau County Supreme Court, and file in this Court an amended version of the original Shahani Federal Complaint.  The Parties attached the stipulated Shahani Amended Complaint as Exhibit A to the Tolling Agreement (the "Shahani Amended Complaint").  A copy of the Tolling Agreement and the annexed Shahani Amended Complaint is attached hereto as **Exhibit 1.**

13.      The allegations in the Shahani Amended Complaint, though similar to those in the Shahani Federal Complaint, were amended based on facts counsel for Shahani learned during the Mediation.  (Compare Shahani Federal Complaint ¶¶ 34-35, 45, 52 with Ex. 1, Shahani Amended Complaint.)

**E.    Shahani Retains New Counsel Troy Law**

14.    The Mediation ultimately failed, and thus per the Tolling Agreement, Shahani is obligated to refile the Shahani Amended Complaint in this Court to pursue his claims. (Ex. 1, Tolling Agreement ¶ 2(a).)

15.    Subsequently, Defendants learned Shahani retained new counsel, Troy Law P.L.L.C., when Troy Law noticed its representation of Shahani and filed, on behalf of Shahani, a motion to extend the date to serve Defendants with the still pending Shahani Summons ("Motion to Extend") that had been filed by Shahani's prior counsel in Nassau County Supreme Court at the onset of the Mediation.  See Shahani State Court Action (Dkt. Nos. 2-9).

16.    Thereafter, counsel for Defendants contacted Troy Law to inform them about the Tolling Agreement, including Shahani's agreement, through prior counsel, with Defendants, to refile the Shahani Amended Complaint in this Court, and sent Troy Law a copy of the Tolling Agreement, including the Shahani Amended Complaint.

17.    Troy Law withdrew the Motion to Extend on September 4, 2025.  See Shahani State Court Action, Notice of Withdrawal of Motion (Dkt. No. 10).

18.    Troy Law asked counsel for Defendants if Defendants would agree as a matter of procedure to remove the case to this Court, rather than dismiss it from Nassau County Supreme Court, and refile in this Court.  Counsel for Defendants said they would have to consider it, and if Defendants agreed to the proposal, it would be without prejudice otherwise to the enforceability of the Tolling Agreement.

19.    Troy Law said they were speaking with their clients, including about the possibility of a revised settlement demand, before the case moved back to this Court.

4

**F.    The Elson Action**

20.    On January 27, 2026, more than 10 months after the Shahani Summons was filed in Nassau County, Troy Law, on behalf of 45 individual plaintiffs (the "Elson Plaintiffs"), filed a Summons With Notice against Defendants in New York Supreme Court, New York County, asserting the exact same claims as in the Shahani Amended Complaint for (i) tip misappropriation pursuant to NYLL §§ 193 and 196-d and (ii) failure to provide accurate wage statements with wage payments pursuant to NYLL § 195(3).  See Elson v. Pier Sixty LLC, Index No. 151232/2026 (Sup. Ct. N.Y. Cnty. 2026), Summons With Notice at 3 (Dkt. No. 1).[3]

21.    The Elson Summons is not pled as a class and/or collective action.  See id.[4]

22.    All 45 Elson Plaintiffs are current or former banquet servers for Pier Sixty, the same position Shahani held.

23.    Several of the individuals included among the 45 Elson Plaintiffs participated in the Mediation with Shahani—Stuart Elson, Ernest Spanakos, and Kenny Rodriguez.

**G.    Motion to Dismiss the Elson Action**

24.    On February 18, 2026, Defendants filed a motion to dismiss the Elson Action, or in the alternative, consolidate it with the Shahani State Court Action (the "Elson Motion").  Elson Action (Dkt. Nos. 2-6.)

25.    The basis for the Elson Motion is that the Elson Action and the Shahani State Court Action involve the same parties and arise out of the same subject matter on nearly the same causes of action, and the filing of the Elson Action was an act of gamesmanship by Troy

---

[3]    The action filed by the Elson Plaintiffs on January 27, 2026, against Defendants in New York Supreme Court, New York County will be referred to hereinafter as the "Elson Action."  The Summons With Notice filed in the Elson Action will be referred to hereinafter as the "Elson Summons."

[4]    The Elson Summons also asserts a derivative clam under the NYLL for failure to provide accurate NYLL wage notices § 195(1).  (Elson Summons at 3.)

Law.  See generally id., Mem. in Supp. of Defs.' Mot. to Dismiss or in the Alternative, Consolidate

(Dkt. No. 6.)

**H.    Plaintiff's Counsel Contacts Counsel for Defendants Prior to Filing the Instant Action**

26.    On October 1, 2025, counsel for Plaintiff contacted counsel for Defendants via email to inform them that they represented Plaintiff, that they were aware that counsel for Defendants represented Defendants in the Shahani Federal Action and/or the Shahani State Court Action (collectively, the "Shahani Actions"), and to confirm that counsel for Defendants would be representing Defendants should Plaintiff pursue litigation.

**I.    Plaintiff Files the Complaint in This Case**

27.    Despite being aware of the Shahani Actions, on December 18, 2025, Plaintiff, a former banquet server for Pier Sixty like Shahani, filed the instant action against Defendants, asserting the same core claims (on behalf of himself and others allegedly similarly-situated) as Shahani and the Elson Plaintiffs: violations of tip retention provisions of the FLSA and NYLL.  (Complaint ¶¶ 1-2, 25, 36-45, 81, 91 (Dkt. No. 1).)  Plaintiff also asserts claims of time shaving pursuant to the FLSA and the NYLL, violations of uniform maintenance provisions of the NYLL, and wage statement and wage notice provisions of the NYLL.  (Id. ¶¶ 1-2, 30-35, 46-49, 80, 90, 92-94.)

Subscribed and affirmed                                    /s/ *Douglas J. Klein*
on this 29th day of May 2026                          Douglas J. Klein, Esq.

6