# Exhibit 1

## TOLLING AGREEMENT

**AGREEMENT** made this 18th day of July, 2025, by and between MAHESH SHAHANI, on behalf of himself, individually, and on behalf of all others similarly-situated (together as "Shahani"), on the one hand, and PIER SIXTY LLC d/b/a PIER SIXTY COLLECTION, and/or any owners, agents and/or employees so named in either the State Complaint as that term is defined below("the Company"), on the other hand, (Shahani and the Company, together, as "the Parties"):

**WHEREAS,** on August 16, 2024, Shahani filed a complaint in the United States District Court, Southern District of New York, Case No. 1:24-cv-06211 (the "Complaint"); and

**WHEREAS,** on March 17, 2025, Shahani filed a Notice of Voluntary Dismissal of the Complaint;

WHEREAS, on March 19, 2025, Shahani filed a Summons with Notice ("Summons") in New York State Supreme Court, Nassau County, Index No. 606001/2025 ("State Action");

**WHEREAS,** Shahani subsequently sent the Company a draft complaint in the State Action that is attached to this Agreement as Exhibit A (the "State Complaint")

**WHEREAS,** the Parties intend to engage in confidential discussions with respect to the resolution of the issues in the State Complaint, as well as any other issues that have arisen between them; and

**WHEREAS,** each of the claims asserted in the State Complaint against the Company is subject to the applicable statute of limitations; and

**WHEREAS,** the Parties believe that their ability to reach an acceptable and equitable resolution of such issues would be enhanced if they were able to continue their discussions on a confidential and non-adversarial basis and in the absence of any formally filed complaint; and

**NOW, THEREFORE, IT IS AGREED** as follows:

1.    The Parties, through their undersigned respective attorneys, shall engage in confidential discussions in an effort to resolve the claims asserted in the State Complaint, and Shahani shall not serve or file the State Complaint, or commence any other legal or administrative proceeding with respect to such claims, prior to and through August 1, 2025. Notwithstanding the foregoing, this Agreement shall terminate prior to August 16, 2025, if one Party provides written notice by e-mail to counsel of cancellation of this Agreement and the other party mutually agrees to said termination.

2.      In the event that the Parties fail to reach a resolution of all such issues, and Shahani files the State Complaint or commences some other legal or administrative proceeding at any time after August 16, 2025:

(a)      Plaintiff shall voluntarily dismiss the Summons and Plaintiff shall file the State Complaint in the United States District Court, Southern District of New York.  The Company waives any argument that Plaintiff's dismissal of either the Complaint or the State Action was with prejudice;

(b)  The Parties hereby stipulate that the statute of limitations applicable to the causes of action asserted in the State Complaint shall be deemed tolled from August 16, 2024, until August 16, 2025.

(c)  The Company shall not contend (and the Company hereby waives any right to contend) that solely by virtue of the passage of time between August 16, 2024, and August 16, 2025, that either: (i) any claim asserted in the State Complaint is barred; or (ii) any administrative agency or court is without jurisdiction to entertain any such claim;

(d)  The Company shall not oppose any application that Shahani may make to any administrative agency, arbitrator, or court to effectuate the stipulation and waiver provided for by paragraphs 2(a) and 2(b);

(e)  Shahani shall not contend that the Company is waiving any defense otherwise available to the Company, including, without limitation, lack of jurisdiction, exhaustion of remedies, and statute of limitations with respect to any limitations period applicable to the claims asserted in the State Complaint that expired prior to August 16, 2024 or after August 16, 2025, inclusive of the tolling period; and

(f)  the Parties shall not contend that this Agreement is an admission with respect to the validity or invalidity of any of the claims asserted in the State Complaint or the Company's defenses thereto.  The Company expressly denies that it has committed any violation of law or that any alleged group of individuals are similarly situated within the meaning of the Fair Labor Standards Act and/or the New York Labor Law.

3.      This Agreement has been entered into solely for the purpose of facilitating settlement discussions between the Parties.  Accordingly, it shall be considered a part of the settlement process and kept confidential between the Parties, is not admissible in court or in any other legal proceeding except for the limited purpose of enforcing its terms, and it cannot be used for any other purpose.

4.      The Parties agree:

(a)     The attorneys executing this document represent that they have the authority to do so on behalf of their respective client(s).

(b)     This Agreement can be modified only in writing signed by the parties except that it may be extended by exchange of emails between counsel for the parties wherein both parties, by counsel, expressly reference their intent to amend this Agreement.

(c)     This Agreement shall bind and benefit each of the parties and their respective predecessors, successors, and assigns.

(d)     This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of New York.

5.     This Agreement may be signed in counterparts and/or by facsimile signature, which shall be deemed an original for purposes of this Agreement.

**WHEREFORE,** the Parties have entered into this Agreement on the date set forth above.

Dated: _____, 2025                                    Dated: July 18, 2025

By:    _/s/ Michael J. Borrelli_                    By:    _____
       Michael J. Borrelli, Esq.                           Douglas J. Klein, Esq.
       Borrelli & Associates, P.L.L.C.                     Alexander Deutsch, Esq.
       910 Franklin Avenue, Suite 205                      Jackson Lewis P.C.
       Garden City, New York 11530                         666 Third Avenue, 28th Floor
       *On behalf of Shahani*                              New York, New York 10017
                                                           *On behalf of the Company*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

MAHESH SHAHANI, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

               Plaintiff,

    -against-

PIER SIXTY LLC d/b/a PIER SIXTY COLLECTION,
and PAUL GALLEN, individually,

               Defendants.

---

**COMPLAINT**

**Index No.:** 606001/2025

<u>Jury Trial Demanded</u>

MAHESH SHAHANI ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Class Action Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PIER SIXTY LLC d/b/a PIER SIXTY COLLECTION, and PAUL GALLEN, individually (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

<u>**NATURE OF THE CASE**</u>

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the tip retention provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203; (ii) the tip retention provisions of the New York Labor Law ("NYLL"), NYLL § 196-d, and the N.Y. Comp. Codes R. & Regs. ("NYCRR"), tit. 12, § 146-2.18; (iii) New York common law, based on Defendants' conversion of Plaintiff's gratuities; (iv) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (vi) any other cause(s) of action that can be inferred from the facts set forth herein.

2.      Plaintiff has worked for Defendants - - a New York limited liability company that owns and operates three private event spaces, Pier Sixty, the Lighthouse, and Current, all located in the Chelsea Piers sports and entertainment complex in Manhattan, and its president who oversees the business on a daily basis - - as a food server from in or around October 1998 to the present, with the exception of when the business was closed during the pandemic.  As described below, throughout his employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, plus an additional 228 days pursuant to former Governor Andrew M. Cuomo's executive tolling orders ("the Relevant Period"), Defendants have willfully failed to distribute to Plaintiff and all of Defendants' other servers all gratuities owed to them either in full or in a timely manner.  Specifically, from the beginning of the Relevant Period through the present, Defendants have improperly retained gratuities left by clients for Plaintiff and the other staff members after banquets or events.  Moreover, in the rare instances, when Defendants did distribute gratuities to Plaintiff and/or other staff members, they did so in an untimely and/or incomplete manner.  This is all in violation of the FLSA and the NYLL, and it further constitutes conversion under New York common law.

**Commented [AC1]:** This needs to change to account for whatever tolling we've agreed to

3.      Defendants have additionally violated the NYLL by failing to furnish Plaintiff with an accurate wage statement on each payday.

4.      Defendants have paid and treated all of their employees who work as servers in this same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NYLL, the NYCRR, and New York common law on behalf of himself, individually, and on behalf

2

of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Section 901 of the New York Civil Practice Law and Rules ("CPLR"), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable statutory period who suffered damages as a result of Defendants' violations of the NYLL, the supporting New York State Department of Labor regulations, and/or New York common law.

<strong><u>PARTIES</u></strong>

7.      At all times during the Relevant Period, Plaintiff has worked for Defendants in New York, and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

8.      At all relevant times herein, Defendant Pier Sixty LLC was and is a New York limited liability company with its principal place of business located at Pier Sixty, Sixty Chelsea Piers, New York, New York 10011.

9.      At all times throughout at least the Relevant Period, Defendant Gallen was and is the president and day-to-day overseer of Defendant Pier Sixty LLC, who in that role has personally managed and overseen the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay and hours worked, determining the distribution of tips and retention of gratuities, including the miscellaneous charges and/or administrative fees charged to clients that are purported to be for gratuities, and for maintaining employees' employment records, including all of those matters with respect to Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs.

10.     At all times throughout at least the Relevant Period, both Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Pier Sixty LLC's qualifying annual business has exceeded $500,000.00.  Furthermore,

3

Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and operate a business that purchases and sells products that have moved across state lines, such as liquor. Defendants also accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that naturally moves across state lines. The combination of all of these factors subjects Defendants to the FLSA's tip retention requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

11.    Plaintiff seeks to bring this suit to recover from Defendants unpaid tips and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as servers, wait staff, captains, or in any similar non-managerial role, and who consent to file a claim to recover unpaid tips and liquidated damages that are legally due to them ("FLSA Plaintiffs").

12.    Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; and (3) were not distributed gratuities left by clients at the conclusion of banquets or other events either in full or in a timely fashion.

13.    At all relevant times herein, Defendants were aware of the requirement to distribute all gratuities and all other tips to their servers, including Plaintiff and FLSA Plaintiffs, yet they purposefully and willfully chose and continue to choose not to do Indeed, during his employment, several food servers complained about Defendants withholding tips that clients left for them at the conclusion of events or banquets, yet Defendants have continued to withhold the tips.

14.    Additionally, in 2008, Pier Sixty LLC was sued for similar violations in *Spicer et al*

4

*v. Pier Sixty LLC et al*, 08-cv-10240-PAE-FM (S.D.N.Y.), and in fact, in or around 2012, paid $8,500,000.00 to resolve those allegations on a class-wide basis, yet Defendants did not take any steps to change these unlawful practices thereafter.

15.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay the full amount of tips owed to them, in violation of the FLSA.

### RULE 23 CLASS ALLEGATIONS

16.    Plaintiff also seeks to maintain this action as a class action pursuant to CPLR § 901, on behalf of himself, individually, as well as on behalf of all those similarly situated whom Defendants' subjected to violations of the NYLL, the NYCRR, and New York common law during the applicable statutory period.

17.    Under CPLR § 901, a plaintiff must plead that:

a.    The class is so numerous that joinder is impracticable;

b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.    Claims or defenses of the representative are typical of the class;

d.    The representative will fairly and adequately protect the class; and

e.    A class action is superior to other methods of adjudication.

18.    Plaintiff seeks certification of the following CPLR § 901class:

> Current and former servers, wait staff, captains, or anyone working in a similar non-managerial role, who during the applicable limitations periods, worked for Defendants in New York ("Rule 23 Plaintiffs").

#### Numerosity

19.    At all times during the applicable limitations periods, Defendants have, in total, employed at least forty employees that are putative members of this class.

5

## Common Questions of Law and/or Fact

20.    There are common questions of law and fact to each and every Class Action Plaintiff that predominate over any questions solely affecting individual members of the class, including, but not limited to, the following: (1) the duties that Defendants required and require each Class Action Plaintiff to perform; (2) whether Defendants have failed to distribute to Class Action Plaintiffs all gratuities left by clients either in full or in a timely manner; (3) whether Defendants' conduct in withholding those tips from Class Action Plaintiffs was malicious; (4) whether Defendants have kept and maintained records with respect to each hour that the Class Action Plaintiff have worked; (5) whether Defendants have kept and maintained records with respect to the compensation that they have paid to Class Action Plaintiffs, and the tips that their clients have left for Class Action Plaintiffs; (6) whether Defendants maintain any affirmative defenses with respect to Class Action Plaintiffs' claims; (7) whether Defendants' actions with respect to Class Action Plaintiffs were in violation of the NYLL and its supporting regulations and/or New York common law; and (8) if so, what constitutes the proper measure of damages.

## Typicality of Claims and/or Defenses

21.    As described in the "Background Facts" section below, Defendants have employed Plaintiff and Class Action Plaintiffs as servers, wait staff, captains, and/or in similar non-managerial roles in New York at their various event venues.  Plaintiff's claims are typical of the claims of Class Action Plaintiffs whom he seeks to represent, as Plaintiff and Class Action Plaintiffs work and/or have worked for Defendants in New York, in those roles, yet Defendants have unlawfully failed to distribute to them gratuities left by clients at the conclusion of banquets or other events either in full or in a timely manner.  Plaintiff and Class Action Plaintiffs enjoy the same rights under New York law to be paid all of their tips in a timely manner.  Plaintiff and Class Action Plaintiffs have all sustained similar damages as a result of Defendants' failure to comply with the NYLL and its

6

supporting regulations, as well as New York common law. Plaintiff and Class Action Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of Class Action Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

22.     Plaintiff, as described below, has worked the same or similar hours and performed the same or similar duties as Class Action Plaintiffs throughout his employment with Defendants. Defendants have not paid Plaintiff the full tips to which he has been entitled to receive throughout his employment either in full or in a timely manner, which is substantially similar to how Defendants have paid and treated Class Action Plaintiffs. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

23.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

24.     Plaintiff has no, or very few, material facts relating to Class Action Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants have treated Plaintiff identically, or at the very least, substantially similarly, to Class Action Plaintiffs.

25.     Any lawsuit brought by any employee of Defendants who worked for them as a server in New York for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

26.     Accordingly, this means of protecting Class Action Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under CPLR § 901.

## BACKGROUND FACTS

27.     Defendant Pier Sixty LLC is a New York limited liability company that owns and operates three private event spaces, Pier Sixty, the Lighthouse, and Current, all located in the Chelsea Piers sports and entertainment complex in Manhattan.

28.     As described above, throughout at least the Relevant Period, Defendant Gallen was and is the president of Defendant Pier Sixty LLC who oversees and runs the business on a day-to-day basis, and who ultimately controls the terms and conditions of employment for all of its employees, in that he has and exercises the power to hire and fire all employees, supervises and controls employee work schedules, determines the rate and method of wages paid to all employees, determines the distribution of tips and retention of gratuities, and is responsible for maintaining employment records.

29.     Plaintiff worked for Defendants as a food server from in or around October 1998 to March 2020, when the business closed due to COVID-19, and then again from in or around June 2021 through the present  in all three of Defendants' event spaces.  In this role, Plaintiff's primary duty is to serve food at banquets or other events that Defendants' clients host there.

30.     For this work, Defendants paid Plaintiff at an hourly rate of $26.00 in 2018, $26.00 in 2019 and 2020, $28.50 in 2021, 2022, and 2023, and $30.00 in 2024.

31.     At all times from the beginning of the Relevant Period until in or around October 2019, and from in or around at least June 2021 through the present,  at the conclusion of banquets or other events, Defendants' clients have frequently left with the banquet manager gratuities meant to be distributed to the servers, either in cash or by adding an amount to their final invoices.  However, prior to 2023, Defendants failed to pay these gratuities to Plaintiff and the other servers at all and instead keep this money for their own use.  In 2023 and 2024, as multiple servers complained that Defendants had failed to distribute the additional tips, Defendants started to distribute part of these

gratuities to Plaintiff and other servers, but they still retained most of the gratuities for themselves.

32.    In addition to that failure, when Defendants did distribute some portion of the gratuities belonging to the Plaintiff, they did so in an untimely fashion, weeks, if not months later.

33.    Throughout at least the Relevant Period, Defendants have paid Plaintiff on a weekly basis, by check.

34.    At all times throughout the Relevant Period, on each occasion when Defendants have paid Plaintiff, Defendants have failed to furnish Plaintiff with a wage statement that has accurately listed, *inter alia*, his earned tips.

35.    Defendants have treated Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs in the same manner described herein.

36.    Defendants have acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

37.    Each hour that Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs have worked was and is for Defendants' benefit.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
*Failure to Distribute Tips in Violation of the FLSA*

38.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39.    29 U.S.C. § 203 prohibits an employer from keeping tips received by its employees for any purpose.

40.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees eligible to receive tips within the meaning of the FLSA.

41.    As also described above, Defendants did not distribute all gratuities left by clients to

9

Plaintiff and FLSA Plaintiffs as required by law, either in full or in a timely manner.

42.    Defendants willfully violated the FLSA.

43.    Plaintiff and FLSA Plaintiffs are entitled to compensation for all tips that Defendants unlawfully withheld from them during each week of their employment, in violation of the FLSA.

44.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's tip retention provisions.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
*Failure to Distribute Tips in Violation of the NYLL and the NYCRR*

45.    Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.    NYLL § 196-d and 12 NYCRR § 146-2.18 prohibit an employer from accepting or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee.

47.    As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees eligible to receive tips within the meaning of the NYLL and the NYCRR.

48.    As also described above, Defendants did not distribute all gratuities left by clients to Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action as required by law.

49.    Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to compensation for all tips that Defendants unlawfully withheld from them during each week of their employment, in violation of the NYLL and the NYCRR.

50.    Plaintiff, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violation of the NYLL and the

10

NYCRR's tip retention provisions.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
*Conversion in Violation of New York Common Law*

51.     Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.     The New York common law tort of conversion prohibits an individual or entity from intentionally, and without consent, taking control over the money or property of another, or otherwise obstructing an individual's ability to possess his/her money or property.

53.     As described above, Defendants withheld and otherwise did not distribute money owed to Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action and kept that money for their own use, and thus interfered with their use of such money in violation of the law.

54.     Defendants are liable to Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action for all money that belongs to them that Defendants retained for their own use, plus interest.

55.     Plaintiff, and any FLSA Plaintiff who opts-in to this action are also entitled to punitive damages as a result of Defendants' conversion of their money.

**Commented [AC2]:** Can't get punatives for the class

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

56.     Plaintiff, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages

11

to the employee.

58.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

59.    As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with a wage statement that accurately contained the criteria that the NYLL requires.

60.    Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## **DEMAND FOR A JURY TRIAL**

61.    Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs demand a trial by jury on all issues and causes of action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Class Action Plaintiffs for participation in any form of this litigation;

12

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under New York law as a class action pursuant to CPLR § 901 *et seq.*;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and/or gratuities and any short fall between wages and/or gratuities paid and those due under the law that Plaintiff, FLSA Plaintiffs, and/or Class Action Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties to Plaintiff and FLSA Plaintiffs as recoverable under the FLSA and the NYLL;

h. Granting an award of punitive damages commensurate with Defendants' ability to pay in connection with Plaintiff and FLSA Plaintiffs in connection with their common law conversion claims;

i. Awarding Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

j. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and CPLR, respectively;

k. Awarding pre-judgment and post-judgment interest, as provided by law; and

l.  Granting Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated:  Garden City, New York
        March 26, 2025

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:  _____
     ALEXANDER T. COLEMAN, ESQ.
     MICHAEL J. BORRELLI, ESQ.

14