**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EFE SONGUN, *on behalf of himself, FLSA*
*Collective Plaintiffs, and the Class,*

                           Plaintiff,

           v.

PIER SIXTY LLC
        d/b/a PIER 60
        d/b/a THE LIGHTHOUSE
        d/b/a CURRENT, and
PAUL GALLEN,

                      Defendants.

Case No. 1:25-cv-10524-KPF

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY PLAINTIFF'S COMPLAINT

JACKSON LEWIS P.C.
666 Third Avenue, 28th Floor
New York, New York 10017
(212) 545-4000

Douglas J. Klein
Alexander Deutsch

ATTORNEYS FOR DEFENDANT

**TABLE OF CONTENTS**

**Page No.**

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL BACKGROUND..................................................................................... 3

      A.      The Shahani Federal Action................................................................. 3

      B.      The Shahani State Court Action ........................................................... 3

      C.      The Shahani Mediation ......................................................................... 4

      D.      The Tolling Agreement.......................................................................... 4

      E.      Shahani Retains New Counsel Troy Law .............................................. 5

      F.      The Elson Action .................................................................................. 6

      G.      Motion to Dismiss the Elson Action..................................................... 6

      H.      Plaintiff's Counsel Contacts Counsel for Defendants Prior to Filing the Instant Action.................................................................................. 7

      I.      Plaintiff Files the Complaint in This Case............................................ 7

LEGAL STANDARD......................................................................................................... 7

ARGUMENT...................................................................................................................... 8

I.      Plaintiff's Complaint Should Be Stayed Pursuant to the First-Filed Rule......................... 8

II.      Even if This Court Finds That the Shahani Amended Complaint Is Not a First-Filed Complaint, a Stay of This Case Is Still Appropriate.......................................................... 10

CONCLUSION.................................................................................................................. 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Allstar Mktg. Grp., LLC v. Akrondh,
No. 21-CV-3621 (JPO), 2022 U.S. Dist. LEXIS 218029 (S.D.N.Y. Nov. 29, 2022)................7

American Pipe & Construction Co. v. Utah,
414 U.S. 538 (1974).................................................................................................................11

Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA,
630 F. Supp. 2d 295 ..........................................................................................................12, 13

Elson v. Pier Sixty LLC, Index No. 151232/2026 (Sup. Ct. N.Y. Cnty. 2026) ............................2

Lamb v. Forbes Media LLC,
No. 1:22-cv-06319-ALC, 2024 U.S. Dist. LEXIS 59355 (S.D.N.Y. Apr. 1, 2024)................12

Lasala v. Needham & Co.,
399 F. Supp. 2d 421 (S.D.N.Y. 2005)..................................................................................8, 11

Liguori v. Wells Fargo Bank, N.A.,
No. 19 CV 10677 (VB), 2020 U.S. Dist. LEXIS 163127 (S.D.N.Y. Sep. 8, 2020) ................12

Marsh & McLennan Agency LLC v. Alliant Ins. Servs.,
No. 25-CV-6936 (RA), 2025 U.S. Dist. LEXIS 183941 (S.D.N.Y. Sep. 18, 2025)..................8

Oleg Cassini, Inc. v. Serta, Inc.,
No. 11 Civ. 8751 (PAE), 2012 U.S. Dist. LEXIS 33875.........................................................9

Santana v. Cavalry Portfolio Servs., LLC,
No. 19 Civ. 3773 (PAE), 2019 U.S. Dist. LEXIS 201469 (S.D.N.Y. Nov. 19, 2019) ..............8

SEC v. Garelick,
No. 23 Civ. 5567 (PGG), 2023 U.S. Dist. LEXIS 220897 .......................................................8

Shahani v. Pier Sixty LLC, No. 1:24-cv-06211-PAE (S.D.N.Y. 2024) ........................................3

Shahani v. Pier Sixty LLC, Index No. 606001/2025 (Sup. Ct. Nassau Cnty. 2025) .................3, 4

Solarkal v. Gollatz,
No. 25 Civ. 10007 (GHW) (GWG), 2026 U.S. Dist. LEXIS 113259
(S.D.N.Y. May 21, 2026).........................................................................................................8

Thomas v. Apple-Metro, Inc.,
No. 14-CV-4120 (VEC), 2015 U.S. Dist. LEXIS 14574 (S.D.N.Y. Feb. 5, 2015) ...................9

Wandling v. Elastos Found.,
    No. 19-cv-5462 (GHW), 2021 U.S. Dist. LEXIS 236352 (S.D.N.Y. Dec. 9, 2021)...............11

Wyler-Wittenberg v. MetLife Home Loans, Inc.,
    899 F. Supp. 2d 235 ......................................................................................................9

**Statutes**

Fair Labor Standards Act...........................................................................................1, 7, 11

Fair Labor Standards Act, 29 U.S.C. § 203 .....................................................................3

New York Labor Law .......................................................................................1, 6, 7

NYLL § 193

NYLL § 196-d..................................................................................................3, 4, 6

NYLL § 195(3) ...............................................................................................3, 4, 6

Defendants Pier Sixty LLC ("Pier Sixty") and Paul Gallen (collectively, "Defendants") submit this Memorandum of Law in Support of Defendants' Motion to Stay Plaintiff Efe Songun's ("Plaintiff") Complaint.

## PRELIMINARY STATEMENT

Plaintiff, a former banquet server for Pier Sixty, brings this putative class and collective action on behalf of himself and others allegedly similarly-situated asserting the same core claims against Defendants—violations of tip retention provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL")—that a fellow former banquet server for Pier Sixty—Mahesh Shahani—at the time represented by the law firm Borrelli & Associates, P.L.L.C., first brought against the same Defendants also on a putative class and collective action basis in this Court 16 months ago.  While Shahani voluntarily dismissed his federal lawsuit against Defendants without prejudice, that dismissal was premised on a negotiated tolling agreement, including an agreed upon amended complaint alleging Pier Sixty improperly retained for itself gratuities left by Pier Sixty's clients that were intended for servers,[1] between Shahani and Defendants to return to this Court if their settlement negotiations failed.  The same day Shahani voluntarily dismissed his lawsuit in this Court, to preserve the statute of limitations for absent class members, Shahani filed a Summons With Notice in New York Supreme Court, Nassau County, against Defendants, asserting the same core claims as in his lawsuit in this Court.

Shahani settlement negotiations failed.  Borrelli & Associates withdrew as counsel for Shahani.  Shahani retained new counsel, Troy Law P.L.L.C.

Despite now representing Shahani and conceding the enforceability of the Shahani

---

[1]   Shahani's original complaint also asserted claims that Defendants failed to properly disclaim administrative fees charged to clients, and hence such fees should have been distributed to wait staff as tips. After targeted pre-litigation discovery in which Defendants demonstrated the lack of merit to the administrative fee claims, Shahani abandoned those claims.

tolling agreement and the agreement to refile the amended complaint attached thereto in this Court, on January 27, 2026, Troy Law, filed in New York Supreme Court, New York County a case styled Elson v. Pier Sixty LLC, Index No. 151232/2026 (Sup. Ct. N.Y. Cnty. 2026) (the "Elson Action") on behalf of 45 former Pier Sixty banquet servers, alleging the same core tip retention claims as alleged by Shahani and in this action.  Clearly, Troy Law is attempting to end-run the tolling agreement and subject Defendants to multiple litigations simultaneously involving the same parties and claims.  As such, on February 18, 2026, Defendants filed a motion to dismiss the Elson Action or consolidate it with the Shahani action in Nassau County.

Meanwhile, in October 2025, pre-filing, Plaintiff here contacted Defendants and said counsel was aware Jackson Lewis P.C. represented Defendants in the Shahani actions. Notwithstanding, Plaintiff then filed this case asserting nearly identical putative class and collective wage and hour claims as in both Shahani actions.  Clearly, Plaintiff is maneuvering to assert a classwide case against Defendants, subjecting Defendants to multiple, virtually identical actions in different forums.  This Court should not condone it.

Defendants now move to stay this action for the same reason it moved to dismiss or consolidate the Elson Action.  Shahani has asserted tip retention violation claims against Defendants prior to Plaintiff bringing this lawsuit, and therefore Shahani has priority over Plaintiff. Even if Shahani did not have priority over Plaintiff, a stay still is appropriate because Defendants would be unfairly prejudiced by having to litigate the same claims against the same parties in multiple courts.

For these reasons, as further explained below, Defendant's Motion should be granted and Plaintiff's Complaint should be stayed until the Elson Action is consolidated into the Shahani action pending in Nassau County, the tolling agreement is enforced, the consolidated

Shahani action is filed in this Court as the Parties agreed, and this action is properly consolidated with the Shahani action.

## PROCEDURAL BACKGROUND

### A.    The Shahani Federal Action

On August 16, 2024, Mahesh Shahani, then a banquet server at Pier Sixty, a hospitality venue in New York City, filed, through Borrelli & Associates, P.L.L.C., a putative class and collective action in this Court against Defendants, asserting, among other things, violations of the tip retention provisions of the FLSA, 29 U.S.C. § 203 and NYLL § 196-d, and a claim for failure to furnish accurate wage statements in violation of NYLL § 195(3).  See Shahani v. Pier Sixty LLC, No. 1:24-cv-06211-PAE (S.D.N.Y. 2024), Complaint at ¶¶ 1, 32, 43 50, 61.[2]  While the parties were discussing a possible early resolution of the Shahani Federal Action, on March 18, 2025, Shahani requested to voluntarily dismiss the Shahani Federal Action without prejudice. (Klein Aff. ¶ 4[3]); Shahani Federal Action, Notice of Voluntary Dismissal Without Prejudice (Dkt. No. 25).  On March 19, 2025, the Court granted Shahani's request and dismissed the Shahani Federal Action.  Shahani Federal Action, So-Ordered Notice of Voluntary Dismissal Without Prejudice (Dkt. No. 26).

### B.    The Shahani State Court Action

The same day this Court granted Shahani's request and dismissed the Shahani Federal Action, March 19, 2025, Shahani filed a Summons With Notice in New York Supreme Court, Nassau County, against Defendants.  See Shahani v. Pier Sixty LLC, Index No.

---

[2]    The action filed by Shahani on August 16, 2024, against Defendants in this Court will be referred to hereinafter as the "Shahani Federal Action."  The Complaint filed in the Shahani Federal Action will be referred to hereinafter as the "Shahani Federal Complaint."

[3]    All references to "Klein Aff. ¶ __" refer to the Affirmation of Douglas J. Klein, Esq. in Support of Defendants' Motion to Stay Plaintiff's Complaint.

606001/2025 (Sup. Ct. Nassau Cnty. 2025), Summons With Notice (Dkt. No. 1).[4]  Like the Shahani Federal Action, the Shahani State Court Action was pled as a putative class and collective action and asserted wage-theft claims, including for violations of the tip retention provisions of NYLL § 196-d and a claim for failure to furnish accurate wage statements in violation of NYLL § 195(3).  (See Shahani Summons at 1-2.)

### C.    The Shahani Mediation

Shahani and Defendants agreed to engage in mediated settlement negotiations (hereinafter the "Mediation").  (Klein Aff. ¶ 8.)  On July 9, 2025, Shahani and Defendants met and began the Mediation with a third-party mediator in an attempt to resolve Shahani's putative class and collective action claims.  (Id. ¶ 9.)  While the parties did not settle at the July 9, 2025, meeting, they agreed to continue the Mediation.  (Id. ¶ 10.)

### D.    The Tolling Agreement

On July 18, 2025, Shahani and Defendants, through their counsel, entered into a tolling agreement (the "Tolling Agreement").  (Id. ¶ 11.)  As per the Tolling Agreement, the parties stipulated that in the event the Mediation ultimately failed and the case returned to a litigation posture, Shahani would voluntarily dismiss the Shahani Summons from Nassau County Supreme Court, and file in this Court an amended version of the original Shahani Federal Complaint, and attached the stipulated amended Complaint as Exhibit A to the Tolling Agreement (the "Shahani Amended Complaint").  (Id. ¶ 12.)  The allegations in the Shahani Amended Complaint, though similar to those in the Shahani Federal Complaint, were amended based on facts counsel for Shahani learned during the Mediation.  (Compare Shahani Federal Complaint ¶¶ 34-35, 45, 52

---

[4]    The action filed by Shahani on March 19, 2025 against Defendants in New York Supreme Court, Nassau County will be referred to hereinafter as the "Shahani State Court Action."  The Summons With Notice filed in the Shahani State Court Action will be referred to hereinafter as the "Shahani Summons."

<u>with</u> Klein Aff., Ex. 1, Shahani Amended Complaint.)  It is clear from the Shahani Amended Complaint that the gravamen of Shahani's allegations is that Pier Sixty retained for itself gratuities left by Pier Sixty's clients that were intended for servers.  (<u>See</u> Klein Aff., Ex. 1, Shahani Amended Complaint at ¶ 31.)

### E.    Shahani Retains New Counsel Troy Law

The Mediation ultimately failed, and thus per the Tolling Agreement, Shahani is obligated to refile the Shahani Amended Complaint in this Court to pursue his claims.  (Klein Aff., Ex. 1, Tolling Agreement ¶ 2(a).)  Subsequently, Defendants learned Shahani retained new counsel, Troy Law P.L.L.C., when Troy Law noticed its representation of Shahani and filed, on behalf of Shahani, a motion to extend the date to serve Defendants with the still pending Shahani Summons ("Motion to Extend") that had been filed by Shahani's prior counsel in Nassau County Supreme Court at the onset of the Mediation.  <u>See</u> Shahani State Court Action (Dkt. Nos. 2-9).  Thereafter, counsel for Defendants contacted Troy Law to inform them about the Tolling Agreement, including Shahani's agreement, through prior counsel, with Defendants, to refile the Shahani Amended Complaint in this Court, and sent Troy Law a copy of the Tolling Agreement, including the Shahani Amended Complaint.  (Klein Aff. ¶ 16.)

Clearly recognizing the enforceability of the Tolling Agreement and the prior agreement of the parties to refile the Shahani Amended Complaint in this Court in light of the failed Mediation, Troy Law withdrew the Motion to Extend on September 4, 2025.[5]  <u>See</u> Shahani State Court Action, Notice of Withdrawal of Motion (Dkt. No. 10).  Troy Law said they were speaking with their clients, including about the possibility of a revised settlement demand, before

---

[5]    Troy Law asked counsel for Defendants if Defendants would agree as a matter of procedure to remove the case to federal court, rather than dismiss it from Nassau County Supreme Court, and refile in federal court.  (Klein Aff ¶ 18.)  Counsel for Defendants said they would have to consider it, and if Defendants agreed to the proposal, it would be without prejudice otherwise to the enforceability of the Tolling Agreement.  (<u>Id.</u>)

the case moved back to this Court.  (Klein Aff. ¶ 19.)

### F.    The Elson Action

On January 27, 2026, more than 10 months after the Shahani Summons was filed in Nassau County, Troy Law, on behalf of 45 individual plaintiffs (the "Elson Plaintiffs"), filed a Summons With Notice against Defendants in New York Supreme Court, New York County, asserting the exact same claims as in the Shahani Amended Complaint for (i) tip misappropriation pursuant to NYLL §§ 193 and 196-d and (ii) failure to provide accurate wage statements with wage payments pursuant to NYLL § 195(3).  See Elson Action, Summons With Notice at 3 (Dkt. No. 1).[6]  The Elson Summons is not pled as a class and/or collective action.  See id.[7]  All 45 Elson Plaintiffs are current or former banquet servers for Pier Sixty, the same position Shahani held.  (Klein Aff. ¶ 22.)  Several of the individuals included among the 45 Elson Plaintiffs participated in the Mediation with Shahani—Stuart Elson, Ernest Spanakos, and Kenny Rodriguez.  (Id. ¶ 23.)

### G.    Motion to Dismiss the Elson Action

On February 18, 2026, Defendants filed a motion to dismiss the Elson Action, or in the alternative, consolidate it with the Shahani State Court Action (the "Elson Motion").  Elson Action (Dkt. Nos. 2-6.)  The basis for the Elson Motion is that the Elson Action and the Shahani State Court Action involve the same parties and arise out of the same subject matter on nearly the same causes of action, and the filing of the Elson Action was an act of gamesmanship by Troy Law.  See generally id., Mem. in Supp. of Defs.' Mot. to Dismiss or in the Alternative, Consolidate (Dkt. No. 6.)

---

[6]    The Summons With Notice filed in the Elson Action will be referred to hereinafter as the "Elson Summons."

[7]    The Elson Summons also asserts a derivative clam under the NYLL for failure to provide accurate NYLL wage notices § 195(1).  (Elson Summons at 3.)

### H.    Plaintiff's Counsel Contacts Counsel for Defendants Prior to Filing the Instant Action

On October 1, 2025, counsel for Plaintiff contacted counsel for Defendants to inform them that they represented Plaintiff, that they were aware that counsel for Defendants represented Defendants in the Shahani Federal Action and/or the Shahani State Court Action (collectively, the "Shahani Actions"), and to confirm if counsel for Defendants would be representing Defendants should Plaintiff pursue litigation.  (Klein Aff. ¶ 26.)

### I.    Plaintiff Files the Complaint in This Case

Despite being aware of the Shahani Actions, on December 18, 2025, Plaintiff, a former banquet server for Pier Sixty like Shahani, filed the instant action against Defendants, asserting the same core claims (on behalf of himself and others allegedly similarly-situated) as Shahani and the Elson Plaintiffs: violations of tip retention provisions of the FLSA and NYLL.  (Complaint ¶¶ 1-2, 25, 36-45, 81, 91 (Dkt. No. 1).)   Plaintiff also asserts claims of time shaving pursuant to the FLSA and the NYLL, violations of uniform maintenance provisions of the NYLL, and wage statement and wage notice provisions of the NYLL.  (Id. ¶¶ 1-2, 30-35, 46-49, 80, 90, 92-94.)

### LEGAL STANDARD

"A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  Allstar Mktg. Grp., LLC v. Akrondh, No. 21-CV-3621 (JPO), 2022 U.S. Dist. LEXIS 218029, *1-2 (S.D.N.Y. Nov. 29, 2022) (quoting Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012)).  As such, "the decision whether to issue a stay is 'firmly within the district court's discretion.'"  Lasala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting American Shipping Line, Inc. v. Massan Shipping

Indus., 885 F. Supp. 499, 502 (S.D.N.Y. 1995)).  "The district court's decision ultimately requires and must rest upon 'a particularized inquiry into the circumstances of, and the competing interests in, the case.'"  SEC v. Garelick, No. 23 Civ. 5567 (PGG), 2023 U.S. Dist. LEXIS 220897, at *6-7 (quoting Louis Vuitton Malletier S.A., 676 F.3d at 96).

## ARGUMENT

### I. Plaintiff's Complaint Should Be Stayed Pursuant to the First-Filed Rule.

Plaintiff's Complaint should be stayed pursuant to the first-filed rule.  "The first-filed rule provides that '[w]here there are two competing lawsuits, the first suit should have priority.'"  Santana v. Cavalry Portfolio Servs., LLC, No. 19 Civ. 3773 (PAE), 2019 U.S. Dist. LEXIS 201469, at *6 (S.D.N.Y. Nov. 19, 2019) (quoting N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010)).  The purpose of the first-filed rule is to "avoid duplication of judicial effort, to avoid vexatious litigation in multiple forums, to achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments."  Santana, 2019 U.S. Dist. LEXIS 201469, at *6 (citations omitted). "For the first-filed rule to apply, the parties and issues must be substantially similar, but they need not be identical."  Id.  The relevant inquiry is "whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts."  Id. at *6-7 (citations omitted).  If a court determines that the first-filed rule applies, a stay is typically the appropriate remedy.  See, e.g., Solarkal v. Gollatz, No. 25 Civ. 10007 (GHW) (GWG), 2026 U.S. Dist. LEXIS 113259, at *15 (S.D.N.Y. May 21, 2026); Marsh & McLennan Agency LLC v. Alliant Ins. Servs., No. 25-CV-6936 (RA), 2025 U.S. Dist. LEXIS 183941, at *10-11 (S.D.N.Y. Sep. 18, 2025); Santana, 2019 U.S. Dist. LEXIS 201469, at *11-12.

In this case, the Shahani Amended Complaint attached to the Tolling Agreement is the operative first-filed complaint.  As per the Tolling Agreement, the Shahani Amended

8

Complaint ultimately will be litigated in this Court.  (Klein Aff., Ex. 1, Tolling Agreement ¶ 2(a).)

There can be no question that the Complaint in this case is substantially similar to the Shahani

Amended Complaint.  Both complaints involve the same parties—a banquet server plaintiff who

asserts claims on behalf of himself and others allegedly similarly-situated, and the same

Defendants—Pier Sixty and Gallen.  There is also substantial overlap in the claims and relevant

facts between the Shahani Amended Complaint and this case.  The gravamen of the allegations in

both the Shahani Amended Complaint and the instant Complaint and the underlying facts relevant

to those allegations are the same: that Pier Sixty retained for itself gratuities left by Pier Sixty's

clients that were intended for servers.  (See Klein Aff., Ex. 1, Shahani Amended Complaint at ¶ 31;

Complaint ¶¶ 36-45 (Dkt. No. 1).)  That the instant Complaint asserts ancillary claims that the

Shahani Amended Complaint does not is irrelevant.  The relevant inquiry is whether the cases are

substantially similar, not identical.  See Thomas v. Apple-Metro, Inc., No. 14-CV-4120 (VEC),

2015 U.S. Dist. LEXIS 14574, at *8 (S.D.N.Y. Feb. 5, 2015) (applying first-filed rule despite cases

not being identical because "courts in this Circuit frequently apply the first-filed rule to cases that

are similar but not identical"); Oleg Cassini, Inc. v. Serta, Inc., No. 11 Civ. 8751 (PAE), 2012 U.S.

Dist. LEXIS 33875, at *7-8 ("For the [first-filed] rule to apply, the claims, parties, and available

relief must not significantly differ between  the actions.  However, the issues need not be identical,

and the named parties need not be entirely the same provided that they represent the same

interests.") (internal quotations and citations omitted); Wyler-Wittenberg v. MetLife Home Loans,

Inc., 899 F. Supp. 2d 235, 244-45 (applying first-filed rule where plaintiffs and causes of action

across actions were not the same but the cases involved "the same defendant-employer" and "the

claims and relief sought undoubtedly ha[d] significant overlap").

       Nor can Plaintiff avoid a stay by arguing that the Shahani Amended Complaint is

9

not technically filed in this Court. The Shahani Amended Complaint is a direct result of negotiations between then-counsel for Shahani, Borrelli & Associates, and Defendants that began following the filing of the Shahani Federal Complaint *in this Court*—16 months prior to the filing of the instant Complaint—and the Tolling Agreement, which was entered into 5 months prior to the filing of the instant Complaint. The Tolling Agreement is clear that should the parties not resolve their dispute, the Shahani Amended Complaint is to be refiled in this Court. (Klein Aff. ¶ 12; Klein Aff. Ex. 1, Tolling Agreement ¶ 2(a).) All this while Plaintiff was aware of the Shahani actions when Plaintiff filed this case. (Klein Aff. ¶ 26.)

By filing the Elson Motion, Defendants have taken steps to dismiss the Elson Action or consolidate it with the Shahani State Court Action. Defendants then intend to enforce the Tolling Agreement such that the Shahani State Court Action is refiled in this Court and can be consolidated with this action. This case should be stayed until such time that that occurs.

II.     **Even if This Court Finds That the Shahani Amended Complaint Is Not a First-Filed Complaint, a Stay of This Case Is Still Appropriate.**

Even if this Court finds that the Shahani Amended Complaint is not a "first-filed" complaint sufficient to satisfy the "first-filed rule," this Court still should find that a stay is appropriate because Defendants have initiated steps to litigate the Elson Action and the Shahani State Court Action together with this case to avoid the burden of litigating virtually the same wage claims in multiple courts, including in this Court.

Courts in this Circuit consider five factors in determining whether to issue a stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Lasala, 399 F. Supp. 2d at 427 (quoting Kappel v. Comfort,

10

914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).  In analyzing these "factors on a case-by-case basis, 'the basic goal is to avoid prejudice.'"  LaSala, 399 F. Supp. 2d at 427 (quoting Kappel, 914 F. Supp. at 1058).

Here, all five factors weigh in favor of a stay.  The first factor weighs in favor of a stay because Plaintiff and putative class members will not be prejudiced by a stay.  Plaintiff and putative collective members are already included within the class of plaintiffs in the Shahani State Court Action, which, as per the Tolling Agreement, will be litigated in this Court.  The statute of limitations for such absent class members was tolled when the Shahani State Court Action was filed on March 19, 2025.  See Wandling v. Elastos Found., No. 19-cv-5462 (GHW), 2021 U.S. Dist. LEXIS 236352, at *30 (S.D.N.Y. Dec. 9, 2021) (citing American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974) (filing of the summons with notice tolled the applicable statute of limitations under the Supreme Court's holding in American Pipe).  As such, the interests of Plaintiff and those similarly-situated are protected.  Furthermore, to the extent Plaintiff asserts that putative collective members here will be prejudiced by a stay due to any FLSA limitations period running, Defendants will agree to reasonable tolling for any putative collective member who opts into any ultimately conditionally certified collective.  As a result, there is no prejudice to Plaintiff or any putative collective members by staying this case.

The second factor weighs in favor of a stay because the burden on Defendants would be significant if this case is not stayed.  In absence of a stay, Defendants will be forced simultaneously to litigate this case, the Shahani State Court Action and potentially the Elson Action.  The gravamen of all three cases is the exact same—that Pier Sixty retained for itself gratuities left by Pier Sixty's clients that were intended for servers.  To force Defendants to litigate these nearly identical cases separately would cause extreme prejudice to Defendants.  The time

11

and expense Defendants will need to bear in defending the same claims across multiple actions will be exponentially higher than if Defendants were able to defend these actions together.  See Liguori v. Wells Fargo Bank, N.A., No. 19 CV 10677 (VB), 2020 U.S. Dist. LEXIS 163127, at *12 (S.D.N.Y. Sep. 8, 2020) (granting a stay in a putative class action case arising out of the same facts as a pending class action in another jurisdiction because "defendant face[d] duplicative discovery and litigation practice with respect to the proposed class members" and a stay likely would "narrow and alleviate unnecessary discovery and other pretrial matters in the instant proceeding").  Moreover, by litigating the same claims across multiple actions before different judges, Defendants will be further prejudiced by being subjected to multiple or inconsistent judgments and/or conflicting obligations.  See Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA, 630 F. Supp. 2d 295, 306 (granting a stay, among other reasons, to "potentially . . . avoid inconsistent judgments" between different actions) (ellipsis in original).

The third and fifth factors weigh in favor of a stay because a stay would promote judicial economy and efficiency.  If this case is not stayed and the Shahani State Court Action and/or Elson Action are subsequently litigated in this Court as a separate action before a different judge, this Court would be unnecessarily burdened with multiple litigations operating on different timelines but involving disputes over the same issues.  "A stay here would 'promote judicial efficiency and minimiz[e] the possibility of conflicts between different courts.'" Lamb v. Forbes Media LLC, No. 1:22-cv-06319-ALC, 2024 U.S. Dist. LEXIS 59355, at *6 (S.D.N.Y. Apr. 1, 2024) (alteration in original) (quoting Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA, 630 F. Supp. 2d 295, 297 (S.D.N.Y. 2009)).  Notably, "[b]y conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources." Catskill Mts.

12

Chapter of Trout Unlimited, Inc., 630 F. Supp. 2d at 306 (internal quotations omitted).

The fourth factor weighs in favor of a stay because if this case were not stayed, there would be little to disincentivize other similarly-situated plaintiffs (and other lawyers seeking to be class counsel) from filing additional actions in this Court (or any other) against Defendants based on the same claims as those asserted in this case. If this case is stayed until the Elson Motion is resolved and the Shahani State Court Action is refiled in this Court, third parties considering the same gamesmanship tactics as Plaintiff here or the Elson Plaintiffs will know that such tactics will not be successful.

Accordingly, all of the factors weigh in favor of a stay, and this Court should issue such a stay even if it does not apply the first-filed rule.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion and issue an order staying the case and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 28th Floor
New York, New York 10017
(212) 545-4000

Dated: May 29, 2026          By:    */s/ Douglas J. Klein*
       New York, New York           Douglas J. Klein
                                     Alexander Deutsch

                                     ATTORNEYS FOR DEFENDANTS

13

## Certification of Compliance with Word Count

I hereby certify that the foregoing Memorandum of Law in Support of Defendant's Motion to Stay complies with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  The Memorandum of Law contains 4,102 words as calculated by the word processing system used to prepare the document, excluding the case caption, table of contents, table of authorities, and signature block.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 28th Floor
New York, New York 10017
(212) 545-4000

Dated: May 29, 2026          By:     */s/ Douglas J. Klein*
     New York, New York                  Douglas J. Klein
                                      Alexander Deutsch

                                      ATTORNEYS FOR DEFENDANTS